UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN F. GORDON,

    Plaintiff,

Case No. 00-73201

v.

Hon. John Corbett O'Meara

NEXTEL COMMUNICATIONS, INC.,
a Delaware corporation, and
MULLEN ADVERTISING, INC.,
a Massachusetts corporation,

Magistrate Judge Donald S. Scheer

    Defendants.
_____/

### DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR COSTS AND ATTORNEYS FEES

Defendants Nextel Communications, Inc. and Mullen Advertising, Inc., by their attorneys Honigman Miller Schwartz and Cohn LLP, make the following objections to the Report and Recommendation of Magistrate Judge Donald A. Scheer, recommending denial of Defendants' Motion For Costs and Attorneys Fees pursuant to 17 U.S.C. § 505.

**A.**   **Standard of Review**

"A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Thus, this Court must conduct an independent analysis of the record. *Roland v Johnson*, 856 F.2d 764, 769 (6th Cir. 1988).

**B.**   **The Applicable Law**

The Copyright Act gives trial courts discretion to award costs and fees to whichever party prevails. 17 U.S.C. § 505. The Supreme Court has approved several nonexclusive factors for



use in guiding courts' discretion, including the nonmovant's motivation in pursuing the action, the frivolousness or objective unreasonableness (either factually or legally) of their arguments, compensation, and deterrence. *Fogerty v Fantasy*, 510 U.S. 577, 534 n 19 (1994). Prevailing defendants can "receive attorneys' fees on a finding of objective unreasonableness of the claim -- bad faith or frivolousness is not a prerequisite to an award." *Williams v Crichton*, 891 F. Supp. 120, 121 (S.D.N.Y. 1994) (internal quotations and citations omitted); *accord, Zuk v Eastern Pennsylvania Psychiatric Institute*, 103 F.3d 294, 297 (3rd Cir. 1996).

Courts award attorneys' fees and costs in cases where fair use is found. *See Diamond v Am-Law Pub. Corp.*, 745 F.2d 142, 148-49 (2d Cir 1984) (awarding costs and fees even under more rigorous, pre-*Fogerty* standard applied to defendants); *Religious Tech Ctr v Lerma*, 908 F. Supp 1362, 1368 (E.D. Va 1995) (granting award where defendant's use was fair and *de minimus*.)

In *Florentine Art Studio, Inc. v Vadet K Corp.*, 891 F. Supp 532, 542 (C.D. Cal 1995), the court awarded prevailing defendant attorneys' fees and costs based on the fact that the prosecution of the action was objectively unreasonable, finding that defendants put plaintiff on notice of most of their substantive defenses, which were almost entirely successful. Further,

> Plaintiff also pursued this litigation knowing that in its industry there are multiple opportunities for innocent copyright infringement. Thus, Plaintiff knew that if there was any copying by defendants, it was probably innocent. . . . Finally, there were no complex or novel legal issues in this case which could have justified continuing the action.

*Id.*

C. **The Magistrate Judge Erred in Finding that Plaintiff's Claims Were Not Objectively Unreasonable**

1. **The Grant of Summary Judgment on Fair Use and *De Minimus* Grounds**

This Court granted summary judgment in defendants' favor on plaintiff's claim for copyright infringement, finding that any use of plaintiff's two dental illustrations in the television advertisement was both fair use and *de minimus*. This Court found that "neither of the illustrations is the focus of the advertisement" and that the "illustrations are used as set decoration, seen only fleetingly." Opinion and Order Denying Plaintiff's Motion For Partial Summary Judgment, Denying As Moot Plaintiff's Rule 56(g) Motion, Denying As Moot Defendants' Motion to Strike and Granting Defendants' Motion For Summary Judgment ("Opinion") at 5. This Court also found that "[i]n this case the amount of Plaintiff's work copied is small, as the Nextel commercial shows only two of his illustrations." Opinion at 6.

> In reviewing quality, courts have considered the amount of exposure of the copyrighted work. In this case Plaintiff's illustrations *appear for fleeting seconds* during the 30-second commercial, and the bridge illustration is never seen in focus or as a close-up. Although the root canal illustration is meant to depict the severity of the fictional patient's condition, it is more the focus on the words "root canal" rather than the illustration itself which leaves an impact. *Both illustrations are used only in an incidental manner as set decorations and cannot be found to be the heart of the advertisement.*

*Id.* (emphasis added)

As to Count II, plaintiff's claim for removal of copyright management information, this Court concluded that "Plaintiff has failed to present any evidence to show that either Nextel or Mullen possessed any of the elements set forth in Section 1202." Opinion at 9.

3

In his Report and Recommendation ("R & R"), the Magistrate Judge stated that, while he would not "presume to second guess the Courts' determinations on the issues presented in the dispostive motion, it may well be that I find certain questions addressed in the summary judgment context to have been closer than the Court found them to be." R & R at 3. The Magistrate Judge then goes on to make just such a presumption, reaching factual and legal determinations that are squarely at odds with this Court's findings and are without justification in the record.

As to the root canal illustration, contrary to this Court's findings, the Magistrate Judge found that this illustration was "displayed during a substantial portion of defendants' commercial message (7.3 seconds of the 30 second recording), and was the central object of view for a significant time period (2.3 seconds)." R& R at 4. The Magistrate Judge continues:

> The Court has determined that the words "root canal" were a greater object of focus than the accompanying illustration of a metal dental file inserted in the root space of a surgically opened molar. I find that issue to be close as well, since the drawings graphically illustrate the invasive and uncomfortable nature of the procedure which invests the words "root canal" with a generally accepted and decidedly negative force. The communicative effect of the drawings was certainly not lost on defendants. They found it beneficial to their commercial interests to enlarge both the words and the plaintiff's art work. In light of those factors, I am satisfied that a ruling in plaintiff's favor as to the substantiality of the use of his copyrighted work, and the denial of defendants' summary judgment motion, would have been readily defensible. I certainly disagree with defense counsel's characterizations of the use of Plaintiff's root canal illustration as "fleeting," "minuscule" or a "momentary on-screen blur."

R & R at 4-5. Because the Magistrate Judge found that the issue of the substantiality of defendant's use of plaintiff's copyrighted work was a close issue, he refused to conclude that plaintiff's claims were objectively unreasonable.

4

The Magistrate Judge's findings are at odds with those of the Court and are not supported by the record. While the Magistrate Judge is free to disagree with defendants' characterization of the use of the root canal illustration as "fleeting," the Magistrate Judge is not free to disagree with the findings of this Court, which twice characterized the use of both illustrations as "fleeting." *See* Opinion at 5 and 6. The Magistrate Judge made specific findings of the substantiality of illustrations in the advertisement - - 7.3 seconds and 2.3 seconds. These findings are at odds with the Court's finding that the illustrations appear for fleeting seconds and, in addition, are not supported by the record. The record shows that the root canal illustration is only visible in its entirety for less than 10 frames (a fraction of a second) and the bridge illustration is never clearly visible in the advertisement.

The Magistrate Judge also erred in finding that the root canal illustration itself was a focus of the commercial and the metal dental file would graphically illustrate the invasive and uncomfortable nature of the procedure. Again, these findings are at odds with those made by the Court and are not supported by the record. This Court found that it was the words "root canal" and not the illustration which had an impact. Moreover, the record is clear that, given the fleeting view of the root canal illustration, a viewer of the television advertisement would be hard pressed to actually see that the drawing depicted a metal dental file in the root space of a surgically opened molar.

Because, as the record shows and this Court found, the questions of fair use and *de minimus* use in this case are not even remotely close, and the case law on set decoration reveals that fair use and/or *de minimus* use are frequently found in cases such as this, plaintiff's pursuit of his copyright infringement claim was objectively unreasonable and the Magistrate Judge erred in finding otherwise.

5

### 2. Defendant Was On Notice of Fair Use Defense Pre-Suit

The Magistrate Judge erred in finding that plaintiff's claims were not objectively unreasonable based on the fact that defendants notified plaintiff prior to filing suit that any use of plaintiff's works constituted fair use. The Magistrate Judge found that the letter did not set forth the "breadth and clarity of defendant counsel's understanding of the fair use doctrine." R & R at p. 6 and 7. The Magistrate Judge also found, without specific discussion, that defendants asserted a "multitude" of affirmative defenses "several of which are manifestly unfounded under the facts of this case."

The Magistrate Judge erred both legally and factually. A plaintiff is under a burden to make sure that his claims are factually and legally sound. Given that plaintiff was advised prior to filing suit that defendants considered their use to be fair, it was plaintiff's burden to further research the issue prior to filing suit. It was not defendants' burden to do the research for him, let alone to provide him with an exhaustive legal briefing on the subject before a suit was even filed. Had plaintiff bothered to do the research, he would have seen that fair use is generally found in these types of set decoration cases. *See, e.g. Jackson v Warner Bros., Inc.*, 993 F.Supp. 585 (E.D. Mich 1997); *Sandoval v New Line Cinema Corp.*, 973 F. Supp 409 (S.D.N.Y.) *aff'd*, 147 F.3d 215 (2d Cir. 1998).

The Magistrate Judge also ignores the fact that a defendant is required to plead affirmative defenses or they are waived, and that a defendant must do so before a defendant has conducted any discovery. It is not remarkable or particularly unusual for a defendant to plead affirmative defenses that discovery reveals to be inapplicable. This is the most that occurred in this case. The assertion of additional affirmative defenses does not negate in any way the fact that plaintiff was on notice that fair use was claimed even before he filed suit.

An award of fees and costs under 17 U.S.C. §505 is especially appropriate where a plaintiff is made aware of the weaknesses of his case at the outset, but nevertheless pursues it. *Florentine Art Studio*, 891 F. Supp at 541-42. Thus, the Magistrate Judge erred in finding the pre-suit letter did not evidence the objective unreasonableness of plaintiff's pursuit of his unmeritorious claim.

### D. The Magistrate Judge's Comments on the Amount of the Fees Are Erroneous

The Magistrate Judge erroneously concluded that, if this Court were to award fees, an amount substantially less than the amount sought should be awarded. The Magistrate Judge claimed that he was satisfied that all parties contributed to the delay and difficulty bringing the matter to conclusion. However, the Magistrate Judge fails to make any findings in this regard, with the exception of the assertion of additional affirmative defenses, which the Magistrate Judge conclusorily states were groundless. The Magistrate Judge's conclusory findings are in error. Nowhere in the Report and Recommendation does the Magistrate specify which affirmative defenses he claims are groundless, and he fails to state any factual or legal reasons to support such a conclusion. Moreover, the Magistrate Judge conclusorily states that defendants contributed their fair share of inflexibility during the discovery process, but he does not (and cannot) provide any specific factual findings to support his conclusion.

The Magistrate Judge also errs in suggesting that the Court limit the fees to those expended in preparation and prosecution of the fair use issues. Defendants needed some minimal discovery to support that defense and plaintiffs would have rightfully been crying "foul" if defendants were permitted to conduct that discovery and plaintiff was not permitted to conduct discovery. Given this inescapable fact, there is no support for the Magistrate Judge's "suggestion" that any award of fees and costs should be so limited. Because the Federal Rules

7

permit plaintiff to simultaneously conduct discovery, plaintiff should now have to pay for that right. There is no rational basis for so excluding the fees and costs incurred in discovery.

## CONCLUSION

For the above-stated reasons, the Court should reject the Report and Recommendation of the Magistrate Judge and award defendants their costs and attorneys' fees in the amount of $132,735 pursuant to 17 U.S.C. § 505.

> HONIGMAN MILLER SCHWARTZ AND COHN LLP
> Attorneys for Defendants Nextel Communications, Inc.
> and Mullen Advertising, Inc.
>
> By: _____
> Herschel P. Fink (P13427)
> Cynthia G. Thomas (P43501)
> Brian D. Wassom (P60381)
> 2290 First National Building
> Detroit, Michigan 48226
> (313) 465-7400

Dated: January 2, 2002

DET_C\464655.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN F. GORDON,
an individual,

    Plaintiff,

v.

NEXTEL COMMUNICATION, INC.,
a Delaware corporation, and
MULLEN ADVERTISING, INC.,
a Massachusetts corporation,

    Defendants.
_____/

Case No. 00-73201

Hon. John Corbett O'Meara

Magistrate Judge Donald A. Scheer

## CERTIFICATE OF SERVICE

I, Linda S. Heath, hereby certify that on January 2, 2002, I served a copy of Defendants' Objections to the Magistrate Judge's Report and Recommendation on Defendants' Motion for Costs and Attorneys Fees upon Magistrate Judge Donald A. Scheer by hand delivery and upon plaintiff's counsel by depositing same in a United States mail receptacle in Wayne County, Michigan, postage fully prepaid to the address shown below:

    Robert C. Brandenburg, Esq.
    Brooks & Kushman, P.C.
    1000 Town Center
    22nd Floor
    Southfield, MI 48075

    _____
    Linda S. Heath

DET_C\370697.1